· THE PEOPLE *v.* COLÓN.

APPEAL from the District Court of Arecibo.

No. 87.—Decided February 20, 1906.

PERJURY—ESSENTIAL OR IMPORTANT FACT—INFORMATION.—In order that the crime of perjury may be deemed to have been committed, it is not sufficient to charge that the accused made a false statement under oath of a fact, but it is necessary that it appear from the information that the fact sworn to as true *is an essential or material fact*, and a mere allegation to the effect that such fact is essential or important is not sufficient.

The facts are stated in the opinion.

*Mr. Juan Hernández López* for appellant.

*Mr. Rossy, fiscal,* for The People.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Under date of May 22d of last year the *fiscal* of the District Court of Arecibo filed against the appellant an information duly sworn to, which reads as follows:

"Marcos A. Colón is accused by information filed by the *fiscal* of the crime of subornation of perjury, a felony, committed as follows: In Morovis, in the judicial district of Arecibo, on or about the 6th day of November last the defendant, Marcos A. Colón, maliciously and criminally induced Pablo Torres, Jr., and Bernabé Ortega to commit perjury by swearing, as they actually did, before the justice of the peace of Morovis, that Gregorio Rodríguez Escribano, during the electoral period, was conducting a political propaganda by offering medicine which he carried with him to the countrymen in the *barrios* of Pasto and Vaga, the truth of which material matters was unknown to Torres and to Ortega, and were in addition false. This act is contrary to the law in such case made and provided, and against the peace and dignity of The People of Porto Rico.—Pedro de Aldrey, district *fiscal.*"

Upon this information the trial was held and the judge, having found the defendant guilty, on the 15th of the following June, the latter moved for a new trial, basing his motion on the provisions of subdivisions 6 and 7 of section 303 of the

Code of Criminal Procedure, which motion was denied, judgment being pronounced on the 26th of said month of June, by which the defendant, Marcus A. Colón, was sentenced to imprisonment at hard labor in the penitentiary of the Island for five years, and to pay the costs of his prosecution for the crime of subornation of perjury.

Counsel for the defendant took an appeal from this judgment and from the order denying a new trial, which appeal the *fiscal* of this Supreme Court contested both orally and in writing, while Attorney Juan Hernández López argued in favor thereof at the hearing on behalf of the defendant, alleging the following grounds in support thereof in the memorandum signed by said attorney, which reads as follows:

"*In the Supreme Court.*—Grounds of the defense of Marcos A. Colón. Memorandum.

"1. The information is defective because it does not state that the justice of the peace of Morovis is an official qualified to administer oaths.

"Because it is not stated who Gregorio Rodríguez Escribano is.

"3. Because it is not clearly stated what electoral period the information refers.

"4. Because the matter alleged to be false, of 'conducting political propaganda by offering medicine to the countrymen in the *barrios* Pasto and Vaga,' is not a material matter the falsity of which could constitute perjury in accordance with the provisions of section 117 of the Penal Code.

"5. Whether section 36 of the Penal Code or section 253 of the Code of Criminal Procedure be considered for a conviction to be had for subornation of perjury, it is necessary that the perjury itself be determined and the conviction of the perjurers not by opinion of the *fiscal*, but by judgment."

We agree with the allegation of the learned counsel for the defense, that the information is defective, because the facts sworn to and alleged to be false, that is to say, the offering of medicine to the countrymen of the *barrios* of Pasto and Vaga, by way of political propaganda, is not a material

matter the falsity of which would constitute perjury under the provisions of section 117 of the Penal Code.

This section provides as follows:

"Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer, or person in any of the cases in which such an oath may by law be administered, wilfully and contrary to such oath, states as true any material matter which he knows to be false, is guilty of perjury."

The Code does not define what is to be understood by a material matter; but we understand that said qualification of *material* is equivalent to *important* in view of the text of section 120, which reads as follows:

"It is no defense to a prosecution for perjury that the accused did not know the materiality of the false statement made by him; or that it did not, in fact, affect the proceeding in or for which it was made. It is sufficient that it was material, and might have been used to affect such proceeding."

It will be observed, therefore, that for the crime of perjury to exist, the false sworn statement of a matter is not sufficient, but the false matter sworn to must be material or important.

In the information against Marcos A. Colón for subornation of perjury it is affirmed that he maliciously and criminally induced Pablo Torres, Jr., and Bernabé Ortega to swear as they did before the Justice of the peace of Morovis, that Gregorio Rodríguez Escribano, during the electoral period, had conducted a political propaganda by offering medicine which he carried with him to the countrymen in the *barrios* of Pasto and Vaga, and adds that these matters, the truth of which was not known to Torres and Ortega, were material; but the information does not explain why such matters were material, and we believe that in view of the terms of the information they were not material or important, because it

does not state whether Gregorio Rodríguez Escribano was a candidate for an office during the electoral period referred to, or whether the countrymen among whom the political propaganda was made by the offer of medicine were electors, nor whether the principal purpose of the offer of medicine was to gain the votes of certain electors in favor of certain candidates.

On account of the lack of sufficient details in the information, we cannot affirm whether or not Pablo Torres, Jr., and Bernabé Ortega falsely charged Gregorio Rodríguez Escribano before the justice of the peace of Morovis with having committed an offense against the elective franchise* provided for and punished in the Penal Code or in the Act approved March 1, 1902, to provide for elections in Porto Rico, in which case the matters to which Pablo Torres, Jr., and Bernabé Ortega swore at the instigation of Marcos A. Colón would undoubtedly be material or important.

As is observed, the information does not contain the elements necessary to show that Torres and Ortega committed perjury; and, therefore, there is no ground for holding that Marcos A. Colón maliciously and criminally induced them to commit said crime.

For the fundamental reason stated, without it being necessary to consider the others alleged by counsel for the appellant, the judgment appealed from should be reversed and Marcos A. Colón acquitted, with the costs against The People.

*Reversed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.

Mr. Justice Wolf did not sit at the hearing of this case.

---

*See Title XI, Penal Code.